## Overbrook Steam Heat Co. v. Commonwealth

*Fell & Spaulding*, for plaintiff.

*Paul D. Larimer* and *Harry M. Showalter*, for Commonwealth.

Fox, J., February 26, 1940.—In this case plaintiff has filed its statement of claim in which it avers, inter alia, that defendant acting under section 1201 (*b*) of the Public Utility Law of May 28, 1937, P. L. 1053, has charged plaintiff with the sum of $882.10 for investigating plaintiff company, which it had no right to do under said section, for the reason that there was no complaint lodged with the commission. Plaintiff paid the bill for the investigation, under protest, and within 15 days after the receipt of the bill duly filed objections to the legality of it, which objections were overruled by the commission. Plaintiff, under the authority of section 1201 (*d*) of the Public Utility Law, supra, instituted this action for the recovery of the amount paid under protest.

Defendant filed an affidavit of defense raising questions of law, averring, inter alia, that the special assessment made by the Pennsylvania Public Utility Commission against plaintiff is lawful and valid under and by virtue of the provisions of section 1201(*b*) of the Public Utility Law, supra.

Section 1201(*b*) of the Public Utility Law, supra, provides:

"Whenever the commission, in a proceeding upon its own motion on complaint . . . shall deem it necessary to investigate the books, records, accounts, practices, and activities of, or make appraisals of the property of, or to render any engineering or accounting service to, any person or corporation, the salaries and traveling expenses of commission employes, and office space expenditures specifically attributable to such investigation, appraisal, or service, shall be charged to, and paid by, such person or corporation, and shall not be included in the expenses of the commission for the purpose of making assessments generally under this section".

For the purposes of the matter now before us, the averments in plaintiff's statement must be taken as true. It is averred in the statement that there was no complaint filed with the commission, and therefore the commission under section 1201(*b*) was without authority to make the investigation and to charge the cost thereof to plaintiff.

We are of opinion that the affidavit of defense raising questions of law cannot be sustained, for the reason that the commission therein admits it proceeded under section 1201(*b*), which requires a complaint, and for the purposes of the matters as now before us we are compelled to take the averment that no complaint was filed to be true, and the affidavit should be dismissed; defendant should be given 15 days from the date of the filing of this opinion to file an affidavit of defense to the merits of the case.

*Order*

And now, February 26, 1940, affidavit of defense raising questions of law is hereby dismissed and defendant is given 15 days from the date of the filing hereof, to file an affidavit of defense to the merits.